# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS, INDIANA

| | |
|---|---|
| HAYNES MORRISON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:20-cv-2902 |
| | ) |
| CHILDREN'S BUREAU, INC | ) |
| | ) |
| Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

## JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on August 18, 2020.

## PARTIES

3. Plaintiff is a Black female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in 2015.

6. Plaintiff performed her job well.

7. During Plaintiff's tenure with the Defendant, she reported to management on more than one occasion that African American clients were being treated unfairly.

8. In addition, Plaintiff reported racially incentive remarks that were made to her personally.

9. In September 2019, Defendant's Vice President of Human Resources, told Plaintiff to "stop hiring all of my African American friends with funny names" and that "if we can't say their names then they don't need to be working here"

10. Plaintiff reported the Vice President of Human Resources to her supervisor and she informed Plaintiff "you know how Darlene is and it's not right, but I will talk to her".

11. On November 14, 2019, Plaintiff was approached by Defendant's CEO. The CEO stated that she was told that Plaintiff wanted to address a Caucasian employees conduct.

12. Plaintiff informed the CEO that she believed Defendant needed to hold the Caucasian employee to the same standards as the Defendant holds African American employees.

13. The CEO informed Plaintiff that the African American employees were different and deserved to be terminated and held accountable. However, the Caucasian employee is "different".

14. On December 14, 2019, Plaintiff met with her supervisor and the CEO and was told that her last day would be December 31, 2019 because Plaintiff failed to obtain licensing. However, Plaintiff was told on several occasions that she did not need to obtain

her license to hold her position. In addition, Plaintiff was studying to take the next licensing examination in early 2020 due to the state regulations.

15. A similarly situated Caucasian employee engaged in conduct of comparable seriousness, but they have not been terminated.

16. Plaintiff was terminated due to her race.

17. Plaintiff was terminated due to engaging protected activity.

## COUNT I

18. Plaintiff incorporates by reference paragraphs 1-17.

19. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

## COUNT II

20. Plaintiff incorporates by reference paragraphs 1-17.

21. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

22. Plaintiff incorporates by reference paragraphs 1-17.

23. Defendant, as a result of terminating Plaintiff due to her engaging in protected activity, violated 42 U.S.C. § 1981.

## COUNT IV

24. Plaintiff incorporates by reference paragraphs 1-17.

25. Defendant, as a result of terminating Plaintiff due to her engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

26.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff her cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416